# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is made and entered into by and between, on the one hand, Mensur Ljahi ("Ljahi" or "Plaintiff") and, on the other hand, World-Wide Holdings Corporation and FirstService Residential New York, Inc. (together, "Defendants"), each individually referred to hereafter as a "Party" and collectively referred to hereafter as the "Parties."  This Agreement is effective as of the date on which it is executed by the Parties (the "Effective Date").

**WHEREAS**, Ljahi initiated the Action on October 18, 2019 by filing the Complaint captioned *Ljahi v. World-Wide Holdings Corporation, et al.*, in the United States District Court, Eastern District, Case No. 1:19-cv-05909-SJB (the "Action");

**WHEREAS**, Ljahi alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law, N.Y. Lab. Law §§ 190, *et seq*. ("NYLL") by, *inter alia*, failing to pay overtime wages, late payment of wages, failure to pay final wages, and failure to furnish accurate wage statements;

**WHEREAS**, Defendants filed their Answers on January 10, 2020 and deny all liability under any of Plaintiff's claims and asserting a number of affirmative defenses;

**WHEREAS**, without any admission of liability, whether direct or indirect, or wrongdoing whatsoever, the Parties wish to resolve and settle any and all disputes and controversies between them relating to Ljahi's employment with Defendants for purposes of avoiding the time, uncertainties, and significant expense in further litigation;

**NOW, THEREFORE**, in consideration of the mutual obligations and undertakings of the Parties set forth in this Agreement, the Parties agree to settle the dispute between them as follows:

1. **CONSIDERATION.**

    a. **Settlement Amount.** Defendants shall pay Ljahi and his attorneys a total sum of One Hundred and Thirty Five Thousand Dollars ($135,000.00), which reflects all monies alledgedly owed to Ljahi (the "Settlement Payment"), of which Eighty Eight Thousand, Twenty Dollars and Ninety Two Cents ($88,020.92) will be apportioned to Ljahi (the "Ljahi Payments") and Forty Six Thousand, Nine Hundred and Seventy Nine Dollars and Eight Cents ($46,979.08) will be apportioned to attorneys' fees and costs (the "Faruqi Payment").

    b. **Components of the Settlement Payment.** The specific components of the Settlement Payment are as follows:

        i. **Ljahi Payments.** The Ljahi Payments shall be paid by or on behalf of Defendants with two (2) checks: the first check will be made payable to "Mensur Ljahi" in the amount of $30,807.32, apportioned as payment for unpaid wages and benefits, which amount will be subject to

    applicable federal, state, and local withholding taxes ("Wage Portion"); and the second check will be made payable to "Mensur Ljahi" in the amount of $57,213.60, apportioned as payment for alleged damages other than wages or benefits ("Non-Wage Portion").

  ii. **Fee & Cost Payments.** The Faruqi Payment shall be paid by Defendants with one (1) check made payable to "Faruqi & Faruqi, LLP" for the Faruqi Payment. The Faruqi Payment consists of payment for reasonable attorneys' fees of $44,010.46 (the "Fee Payment") and reimbursement of reasonable and actual expenses incurred in furtherance of the Action of $2,968.62 (the "Cost Payment"). The Faruqi Payment represents attorneys' fees, costs, and expenses for services rendered on Plaintiff's behalf in connection with this Action, negotiations resulting in this Agreement, and acts performed in furtherance of this Agreement.

    1. In their Letter for Settlement Approval, Faruqi & Faruqi, LLP ("Plaintiff's Counsel") will ask the Court to approve the Faruqi Payment that is to be made from the Settlement Payment. This amount shall constitute full satisfaction of any claims for attorneys' fees or costs. Defendants shall not object, oppose, or otherwise comment on Plaintiff's Counsel's application for fees and costs.

    2. Plaintiff's Counsel reserves the right to appeal any order issued by the Court regarding an award of attorneys' fees and costs if the award falls below that requested. Any money requested for attorneys' fees and costs that is not approved by the Court, or by an appellate court, if there is an appeal, shall become part of the Ljahi Payments.

c.  All three (3) checks comprising the Settlement Payment shall be delivered to Innessa M. Huot, Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017.

d.  Ljahi shall provide Defendants with an IRS Form W-9 for the Non-Wage Portion of the Ljahi Payments and Faruqi & Faruqi, LLP shall provide Defendants with an IRS Form W-9 for the Faruqi Payment.

e.  Defendants shall issue, or cause to be issued, Ljahi an IRS Form 1099 for the Non-Wage Portion of the Ljahi Payments and shall issue Faruqi & Faruqi, LLP an IRS Form 1099 for the Faruqi Payment.

f.  Defendants shall cause to be issued Ljahi an IRS Form W-2 for the Wage Portion of the Ljahi Payments.

2

    g.    Ljahi agrees that he is not entitled to any other compensation or benefits, including, but not limited to, vaction and paid time off, of any kind from Defendants, other than as described above.

    h.    Ljahi agrees that he is not entitled to any further payment for attorneys' fees and costs.

**2.** **RELEASE.**

    a.    **Plaintiff.**  Plaintiff, on behalf of himself and his heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, in consideration of the sums and benefits described in Section 1 of this Agreement, hereby knowingly and voluntarily releases and covenants that he will dismiss the Action with prejudice against Defendants, and covenants not to sue Defendants, and WWG Green LLC and Monarch Equity, LLC, and their respective, direct or indirect officers, directors, owners, shareholders, parents, affiliates, divisions, subsidiaries, members, board members, managers, supervisors, agents, predecessors, professional employer organizations, insurers, and counsel and their agents and employees (collectively, "Releasees") for any and all past and present matters, claims, demands, and causes of action, including, but not limited to, those for unpaid wages, untimely wages, overtime wages, failure to furnish accurate wage statements, liquidated damages, penalties, attorneys' fees and costs, and interest under the FLSA or NYLL which Plaintiff has or might have, known or unknown, related to his work and employment with Defendants. Plaintiff represents that he has no knowledge of any other presently unasserted claims against the Releasees. This Release shall be binding upon and inure to the benefit of Plaintiff's heirs, executors, adminsitrators, successors, and assigns.

    b.    **Defendants.** Defendants, on behalf of themselves and their heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, in consideration of the benefits described in this Agreement, hereby knowingly and voluntarily release and covenant not to sue Plaintiff for any and all past and present matters, claims, demands, and causes of action arising under the FLSA or NYLL for which Defendants have or might have, known or unknown, related to Plaintiff's work and employment with and for Defendants. Defendants represent that they have no knowledge of any other presently unasserted claims against Plaintiff.

**3.**    **PAYMENT AND PAYMENT TIMING.**  Defendants agree to pay the Settlement Payment within ten (10) business days of the Court approving the Agreement.

**4.**    **TAXATION AND NO TAX ADVICE.** Ljahi shall assume the responsibility of remitting to the IRS and any other relevant taxing authorities any and all amounts that are required by law to be paid out of any monies received, or other remuneration obtained, under this Agreement, without any contribution whatsoever from Defendants.  Plaintiff shall

indemnify Defendants for any tax liability they may face because of Plaintiff's failure to properly report to the IRS and any other relevant taxing authorities any and all amounts that are required by law to be paid out of any monies received, or other remuneration obtained, under this Agreement. Nothing in this Agreement shall be construed as Defendants or Faruqi & Faruqi, LLP providing any advice regarding the reporting or payment of taxes or the tax consequences of Ljahi's participation in any portion of this Agreement.

5. **INQUIRIES ON EMPLOYMENT.** If a current or prospective employer of Ljahi contacts Defendants to inquire about Ljahi, Defendants will refer such inquiry to the appropriate human resources department which shall provide only Ljahi's dates of employment and positions held with World Wide Holdings Corporation and state that it is Defendants' policy not to provide any additional information.

6. **NO ADMISSION OF LIABILITY.** Nothing contained in this Agreement, or in any document that may be executed in connection herewith, is intended to be or shall be deemed, construed, or treated in any respect as an admission of any fault, wrongdoing, or liability, whether direct or indirect, on the part of any of the Releasees. Releasees completely deny that they are responsible or legally obligated for any claims or that they have engaged in any wrongdoing.

7. **VOLUNTARY AGREEMENT.** The Parties represent and warrant that they enter into this Agreement voluntarily, of their own free will, without any pressure or coercion from any person or entity.

8. **ADVICE OF COUNSEL.** The Parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. The Parties hereby represent that each has consulted their attorney(s) about the Agreement before signing it. The Parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, and that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

9. **SCOPE OF AGREEMENT.** This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior oral and written agreements or understandings related to the terms of this Agreement. The Parties reserve their rights as to all matters not specifically covered by this Agreement. The terms of this Agreement may not be modified except by a writing signed by all Parties. The Parties request that before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Agreement.

10. **GOVERNING LAW.** This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of New York.

11. **INTERPRETATION OF AGREEMENT.** The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the Party who prepared the Agreement as all Parties have fully participated in the preparation of all provisions of this Agreement.

12. **PARAGRAPH HEADINGS.** Paragraph headings contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

13. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in multiple originals, each of which shall be considered as an original instrument, but all of which together shall constitute one Agreement, and shall be binding upon the Parties. A photocopy, facsimile, or electronic version of the original documents will have the same force and effect as the original.

14. **SEVERABILITY.** Each provision of this Agreement is severable and, if any term or provision is held to be invalid, void, or unenforceable by a court of competent jurisdiction or by an administrative agency for any reason whatsoever, such ruling shall not affect the validity of the remainder of this Agreement.

15. **BREACH OF AGREEMENT; CURE.** Should Defendants fail to deliver any of the above payments as described in Section 1 of this Agreement according to the schedule set out in Section 3 of this Agreement, Plaintiff's counsel shall notify Defendants' counsel in writing via email to Brian Pete at Brian.Pete@lewisbrisbois.com. Defendants will then be afforded seven (7) calendar days following the date Plaintiff's attorney provided notice via e-mail to cure their breach by delivering any amounts due and owing to Plaintiff's attorney at the address listed above in Section 1. Breach of any of the provisions of this Agreement by any Party to this Agreement shall be pursued solely in the Eastern District of New York. The Parties agree that the laws of the State of New York shall apply, without regard to conflict of laws principles.

*\* \* \* The rest of this page is intentionally left blank \* \* \**

5

WHEREFORE, the Parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

**Mensur Ljahi**

Signature: _____ (DocuSigned by: 4AD163693F7D425...)

Date: 11/24/2020 | 5:08 PM EST

**World-Wide Holdings Corporation**

Signature: _____

By: Jodi Gerstman, Authorized Signatory

Date: 11/25/2020

**FirstService Residential New York, Inc.**

Signature: _____

By: Dan Wurtzel

Date: 11/24/2020